REXFORD BRABSON (CA SBN 299802)
Rex@t-rexlaw.com
DAVID STEWART (CA SBN 353448)
David@t-rexlaw.com
T-REX LAW, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CA 92011
Telephone: (858) 220-2325

*Attorneys for Big Rentals Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Big Rentals Inc., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Big Rentals Software, Kyle May, Eric May, Nicole Nemer, ABC Companies 1-10, JOHN DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**<br>1. TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT (15 U.S.C. § 1114 ET SEQ.)<br>2. UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. §1125(a))<br>3. CALIFORNIA UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT (CAL. BUS. & PROF. CODE § 17200 ET SEQ.)<br>4. CYBERPIRACY (15 U.S.C. § 1125(d))<br><br>**DEMAND FOR JURY TRIAL**<br><br>**SEEKING NATIONWIDE RELIEF** |

## COMPLAINT

1.      Plaintiff, Big Rentals Inc. (hereinafter "Plaintiff"), a Delaware Corporation, brings this Complaint against Defendants, Big Rentals Software, Kyle May, Eric May, Nicole Nemer, ABC Companies 1-10, and JOHN DOES 1-10 for trademark infringement and unfair competition under federal and state law, and cyberpiracy under federal law. Plaintiff further intends to seek an injunction preventing Defendants from using the name/trademark BIG RENTALS SOFTWARE, any name/trademark that is confusingly similar thereto, and the domain names bigrentalssoftware.com and bigrentalsoftware.com.

## <u>NATURE OF THE ACTION</u>

2.      This is a civil action for (i) direct trademark infringement of Plaintiff's federally-registered trademark in violation of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1114 *et seq.*; (ii) unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)); (iii) unfair competition and trademark infringement under California Business & Professions Code § 17200 *et seq.*; and (iv) cyberpiracy in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

## <u>PARTIES</u>

3.      Plaintiff is a corporation organized and existing under the laws of Delaware.

4.      Upon information and belief, Defendant Big Rentals Software is a juristic entity of unknown form that does business as Big Rentals Software and

has an address of 9705 Burnet Rd., Suite 202, Austin, TX 78758. Plaintiff will amend this Complaint to allege its entity status, if it exists, once it becomes known.

5.      Upon information and belief, Defendant Kyle May is a resident of the state of Texas. Upon information and belief, Defendant Kyle May is a co-founder and the CEO of Defendant Big Rentals Software, and therefore, directs and controls the activities of Defendant Big Rentals Software, including its policies, procedures, and compliance with intellectual property laws, and knowingly has authorized, directed, and/or participated in the infringing activities described in the present Complaint.

6.      Upon information and belief, Defendant Eric May is a resident of the state of Texas. Upon information and belief, Defendant Eric May is a co-founder and the CTO of Defendant Big Rentals Software, and therefore, directs and controls the activities of Defendant Big Rentals Software, including its policies, procedures, and compliance with intellectual property laws, and knowingly has authorized, directed, and/or participated in the infringing activities described in the present Complaint.

7.      Upon information and belief, Defendant Nicole Nemer is a resident of the state of Texas. Upon information and belief, Defendant Nicole Nemer is a co-founder and the Chief Software Architect of Defendant Big Rentals Software, and therefore, directs and controls the activities of Defendant Big Rentals Software, including its policies, procedures, and compliance with intellectual property laws, and knowingly has authorized, directed, and/or participated in the infringing activities described in the present Complaint.

8.      Plaintiff is presently unaware of the true names and capacities of the Defendants sued herein as ABC Companies 1-10, and JOHN DOES 1-10, inclusive, and therefore sues these Defendants by fictitious names. Plaintiff is

informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is an officer, director, owner, or managing agent of Defendant Big Rentals who directed, authorized, or otherwise willfully participated in the acts of trademark infringement alleged herein. Plaintiff will amend this Complaint to allege their true names and capacities and effect service of process upon them once identified.

## JURISDICTION AND VENUE

9.      This action arises under federal trademark laws, 15 U.S.C. §§ 1051 et *seq.,* and thus this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a) because these claims form part of the same case or controversy.

10.     This Court may exercise personal jurisdiction over Defendants based upon Defendants' purposeful direction of activities toward California and this District, commission of intentional acts expressly aimed at this forum, and causing harm that Defendants knew was likely to be suffered here.

11.     Specifically, Defendants operate interactive websites at bigrentalssoftware.com and bigrentalsoftware.com (collectively, the "Big Rentals Software Websites") that are accessible to consumers nationwide, including residents of California and this District. On information and belief, through the Big Rentals Software Websites, Defendants advertise, market, and offer software services related to equipment and rental management to consumers within this state and District; and/or regularly solicit business in this state and District, deriving substantial revenue from interstate commerce and from this District; and/or have purposely directed substantial activities at the residents of this District by

advertising and selling services in violation of Plaintiff's intellectual property rights, as further described in this Complaint; and/or have committed and directed the willful, tortious conduct described herein directed at persons located in California and this District; and/or intended, knew or reasonably should have known that their conduct would infringe upon the intellectual property rights of Plaintiff, which is domiciled in California; and/or enter into contracts and maintain business relationships with California-based or Los Angeles-based customers, whether directly or through the Big Rentals Software websites, thereby establishing contractual and commercial contacts with individuals and businesses in this state and District; and/or have committed and directed the willful, tortious conduct described herein directed at persons located in California and this District; and/or have otherwise made or established contacts within California and this District sufficient to permit the exercise of personal jurisdiction.

12.     Defendants' conduct is expressly aimed at California because Defendants' knew or should have known that its use of a mark confusingly similar to Plaintiff's federally registered BIGRENTALS.COM trademark would cause harm to Plaintiff in this District, a key market for Plaintiff's services. Defendants were expressly placed on notice of Plaintiff's rights through a demand letter, yet have continued its infringing conduct.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this District.

## **<u>FACTS</u>**

14.     Plaintiff has been in the business of vehicle and equipment rentals for several years. Specifically, Plaintiff operates www.bigrentals.com, a

website which provides nationwide truck, trailer, and equipment rental services, serving over 10,000 renters. A sample of Plaintiff's homepage appears as follows:



15.    Plaintiff is the owner of the following U.S. Trademark Registrations:

16.    BIGRENTALS.COM (U.S. Reg. No. 7341311) in connection with Rental of building equipment; rental of construction equipment; rental of construction machines and apparatus; rental of excavators; rental of hand and power tools; rental of earth moving equipment and excavators in Class 037, and Motor coach rental; rental of motor homes; rental of fork lifts; rental of moving vans; rental of pallet lifts; rental of recreational vehicles; providing self-storage facilities for others; rental of loading-unloading machines and apparatus; rental of storage containers; trash services, namely, rental of dump trailers and roll-off trailers in Class 039. The application for Registration No. 7341311 was filed on March 16, 2021, and the registration was granted on March 26, 2024.

17.    BIGRENTALS.COM (U.S. Reg. No. 7341312) in connection with Truck and trailer rental; Rental of moving equipment, namely, pads, straps, hitches, dollies, boxes, carriers, and hand trucks in Class 039. The application for

Registration No. 7341312 was filed on March 16, 2021, and the registration was granted on March 26, 2024.

18. Since at least as early as October 31, 2021, Plaintiff has continually used its mark BIGRENTALS.COM in association with the services listed in Reg. No. 7341311, and that use has been continuous, unbroken, and exclusive from that date to the present.

19. Since at least as early as May 1, 2017, Plaintiff has continually used its mark BIGRENTALS.COM in association with the services listed in Reg. No. 7341312, and that use has been continuous, unbroken, and exclusive from that date to the present.

20. On June 9, 2023, Plaintiff filed a U.S. trademark application for BIGRENTALS .COM, used in connection with Designing and creating web sites for others; Platform as a service (PAAS) featuring computer software platforms for creation of online rental stores for others in the nature of web-based service that allows users to create hosted e-commerce stores to rent their goods and services online; Platform as a service (PAAS) featuring computer software platforms for enabling users to create a unique URL for an online rental store and the ability for users to manage the content and inventory of their online rental store; design, creation, hosting and maintenance of internet sites for third parties; Software as a service (SAAS) services featuring software for managing rental equipment, for tracking the equipment, for logging and processing financial data related to equipment rentals and providing analysis reports regarding same; Software as a service (SAAS) services featuring software for calendaring rental schedules, communicating with renters, managing inventory, tracking equipment, processing rental agreements, generating financial reports, managing customer data, and accounting in the field of construction equipment rentals, industrial equipment

rentals, tool rentals, supply rentals, party equipment rentals, event equipment rentals, recreational equipment rentals, sporting equipment rentals, consumer tool rentals, gardening equipment rentals, and yard equipment rentals; Software as a service (SAAS) services featuring software for analyzing user needs when renting construction equipment, industrial equipment, tools, supplies, party equipment, event equipment, recreational equipment, sporting equipment, consumer tools, gardening equipment, and yard equipment; Software as a service (SAAS) services featuring software for making recommendations based on user needs when renting construction equipment, industrial equipment, tools, supplies, party equipment, event equipment, recreational equipment, sporting equipment, consumer tools, gardening equipment, and yard equipment; Software as a service (SAAS) services featuring software for use in database management, sales management, and customer tracking and customer management, and rental management for the rental industry in Class 042. Plaintiff has used its mark BIGRENTALS .COM for the above services since at least as early as May 1, 2017.

21.    Status copies of these registrations and application are attached as **Exhibit A**.

22.    Through Plaintiff's continuous use, the BIGRENTALS.COM mark has acquired substantial goodwill and recognition in the truck, trailer, and equipment rental industry.

23.    On information and belief, on or about September 28, 2022, Defendants registered the domain name bigrentalsoftware.com

24.    On information and belief, on or about October 6, 2022, Defendants registered the domain name bigrentalssoftware.com.

25.    On information and belief, Defendants began to operate the website https://bigrentalssoftware.com and https://bigrentalsoftware.com in

approximately October 2022, and market and sell rental-management software under the trademark "BIG RENTALS SOFTWARE." One of the targeted rental assets includes heavy equipment and tools, which page includes pictures of trailers and large vehicles, as follows:



26.     On information and belief, Defendants also target software covering the rental assets of heavy equipment, construction machines and earth-moving machines, as depicted in the following sample from their website:



27.     Complete screenshots of certain webpages of Defendants'
infringing websites are attached as **Exhibit B**.

28.     Since Plaintiff's date of first use, Plaintiff has vigorously
protected and enforced its BIGRENTALS.COM trademark. Plaintiff has spent time,
money, and energy protecting and enforcing its BIGRENTALS.COM trademark
and, in doing so, has built extremely valuable goodwill and notoriety in and to its
trademark.

29.     Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b),
Plaintiff's registration is prima facie evidence of the validity of Plaintiff's Mark.

30.     Pursuant to Section 7(c) of the Lanham Act, 15 U.S.C. § 1057(c),
Plaintiff's registration constitutes constructive use of the mark, establishing priority
of Plaintiff's Mark.

31.     Plaintiff's use of Plaintiff's Mark therefore predates and is prior
to any use of the name/trademark BIG RENTALS SOFTWARE by Defendants.

32.     Defendants' conduct constitutes trademark infringement under
state and federal laws because consumers are likely to be deceived and confused as
to the source of Defendants' services, believing those services originate from
Plaintiff when indeed they do not.

33.     Specifically, Defendant's domain name incorporates the terms
Plaintiff's registered BIGRENTALS.COM mark, adding only the descriptive term
"software."

34.     Defendant's trademark of BIG RENTALS SOFTWARE differs
only by addition of the descriptive term SOFTWARE and the removal of .COM,

which minute differences do not materially distinguish the commercial impressions of the marks.

35. Defendant uses "BIG RENTALS SOFTWARE" as its business name and mark in connection with software services for rental businesses – a related industry to Plaintiff's equipment rental services, and identical to Plaintiff's rental management software services.

36. Upon information and belief, Defendant registered the domain name with knowledge of, or in reckless disregard for, Plaintiff's prior use and federal registration of the BIGRENTALS.COM mark.

37. Defendants' use of the confusingly similar bigrentalssoftware.com and bigrentalsoftware.com domain names and BIG RENTALS SOFTWARE mark in connection with rental-related services is likely to cause confusion among consumers seeking Plaintiff's services. Indeed, one of Plaintiff's business associates mistakenly believed that Defendant's websites belonged to Plaintiff, which had to be corrected by the Plaintiff.

38. On August 22, 2024, Plaintiff sent Defendant Big Rentals Software a demand letter via email to one of their officers, informing them of the infringement, and demanding that Defendants cease use of the infringing mark and transfer the domain name to Plaintiff.

39. Defendants failed to respond to the demand letter and have continued using the infringing domain name and mark.

40. Defendants' continued use after receiving notice demonstrates willful infringement undertaken in bad faith.

41. As a result of Defendants' unlawful infringing activities, Plaintiff has suffered irreparable harm, and, unless this Court enjoins Defendant,

will continue to suffer irreparable harm for which there is no adequate remedy at law.

## CAUSES OF ACTION

### COUNT I

### Trademark Infringement under 15 U.S.C. §§ 1051 *et seq.* – BIG RENTALS SOFTWARE and bigrentalssoftware.com

42.    Defendants have used and are continuing to use the BIG RENTALS SOFTWARE name/trademark and the domain name bigrentalssoftware.com and bigrentalsoftware.com in connection with advertisement, promotion, and/or sale of infringing and similar and related services without authorization or license to do so.

43.    Defendant's actions constitute willful infringement of Plaintiff's Mark in violation of 15 U.S.C. §§ 1114(1)(a)-(b).

44.    Defendant's use of the BIG RENTALS SOFTWARE name/trademark and the domain names bigrentalssoftware.com and bigrentalsoftware.com is likely to cause confusion, mistake, and deception among the general public as to the origin of Defendant's services, and is likely to deceive consumers, the public, and the trade into believing that Defendant's services originate from, are associated with, or are otherwise authorized by Plaintiff, in violation of 15 U.S.C. § 1114(a).

45.    As a result of Defendants' infringing activities, Plaintiff has suffered and/or is likely to suffer actual monetary damages, while Defendants have been and continue to be unjustly enriched.

46.    As a direct and proximate result of Defendants' infringing actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Plaintiff, its business, reputation, and valuable rights in and to Plaintiff's Mark and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, and for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiff and its valuable Mark.

47.    On information and belief, Defendants' infringement of Plaintiff's Mark has been and remains intentional and knowing, entitling Plaintiff to the Defendants' profits, actual damages, and an award of attorneys' fees under 15 U.S.C. § 1117.

48.    Each and every separate act of federal trademark infringement by Defendants constitutes a separate claim herewith.

**COUNT II**

**Unfair Competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) –BIG RENTALS SOFTWARE and bigrentalssoftware.com**

49.    Defendants have used and are continuing to use the BIG RENTALS SOFTWARE name/trademark and the domain names bigrentalssoftware.com and bigrentalsoftware.com in connection with advertisement, promotion, and/or sale of infringing and similar and related services without authorization or license to do so.

50.    Defendant's unauthorized use of the BIG RENTALS SOFTWARE name/trademark and the domain name bigrentalssoftware.com in interstate commerce wrongly and falsely designates, describes, or represents

Defendants' services, and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendants' services with Plaintiff, or as to the sponsorship or approval of Defendants' services and products by Plaintiff.

51.    Defendants' actions therefore violate Plaintiff's rights in its distinctive BIGRENTALS.COM trademark in violation of 15 U.S.C. § 1125(a).

52.    Defendants' conduct with respect to Plaintiff's Mark has caused and, unless enjoined by this Court, will continue to cause serious and irreparable harm, while unjustly enriching Defendants, for which there is no adequate remedy at law.

## COUNT III

## Common Law Unfair Competition/Trademark Infringement (Cal Bus. & Prof. Code § 17200) –BIG RENTALS SOFTWARE and bigrentalssoftware.com

53.    Defendants' unauthorized use of the BIG RENTALS SOFTWARE name/trademark and the domain names bigrentalssoftware.com and bigrentalsoftware.com constitutes common law unfair competition and trademark infringement because such use is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval by Plaintiff of Defendants' services. For example, consumers are likely to believe that Defendants' services originate with Plaintiff, are licensed by Plaintiff, and/or are sponsored by, connected with, or related to Plaintiff.

54.    Defendants' infringing activity constitutes unfair competition and trademark infringement in violation of the common law of the State of California. Defendants' actions with respect to Plaintiff's Mark have caused and

will continue to cause serious and irreparable injury to Plaintiff, unless enjoined by this Court, including within this State, for which it has no adequate remedy at law.

## COUNT IV

## Cyberpiracy/Anticybersquatting (15 U.S.C. § 1125(d)) –

### bigrentalssoftware.com

55.    Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

56.    As alleged above, Defendants registered, traffic in, and uses the domain name bigrentalssoftware.com, which is confusingly similar to Plaintiff's mark of BIGRENTALS.COM.

57.    Plaintiff's BIGRENTALS.COM mark was distinctive and federally registered before Defendants registered the domain name bigrentalssoftware.com and remains distinctive today.

58.    The bigrentalssoftware.com domain does not resolve to a website owned by Plaintiff. Rather, it resolves to a website controlled by Defendants.

59.    On information and belief, Defendants registered and use the domain name bigrentalssoftware.com with a bad faith intent to profit from Plaintiff's BIGRENTALS.COM Mark, as Plaintiff's consumers are likely to be driven to Defendants' bigrentalssoftware.com website due to the confusing similarity, which will result in more traffic for Defendants' website.

60.    Defendants did not have reasonable grounds to believe that the use of the bigrentalssoftware.com domain constituted fair use or was otherwise lawful.

61.    As a result of Defendants' wrongful registration and use of the domain name bigrentalssoftware.com,  Plaintiff has suffered damages in an amount to be proven at trial, and Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct and orders that the domain name bigrentalssoftware.com be transferred to Plaintiff.

## COUNT V

## Cyberpiracy/Anticybersquatting (15 U.S.C. § 1125(d)) –

## bigrentalsoftware.com

62.    Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

63.    As alleged above, Defendants registered, traffic in, and uses the domain name bigrentalsoftware.com, which is confusingly similar to Plaintiff's mark of BIGRENTALS.COM.

64.    Plaintiff's BIGRENTALS.COM mark was distinctive and federally registered before Defendants registered the domain name bigrentalsoftware.com and remains distinctive today.

65.    The bigrentalsoftware.com domain does not resolve to a website owned by Plaintiff. Rather, it resolves to a website controlled by Defendants.

66.    On information and belief, Defendants registered and uses the domain name bigrentalsoftware.com with a bad faith intent to profit from Plaintiff's BIGRENTALS.COM Mark, as Plaintiff's consumers are likely to be driven to Defendants' bigrentalsoftware.com website due to the confusing similarity, which will result in more traffic for Defendants' website.

67.     Defendants did not have reasonable grounds to believe that the use of the bigrentalsoftware.com domain constituted fair use or was otherwise lawful.

68.     As a result of Defendants' wrongful registration and use of the domain name bigrentalsoftware.com, Plaintiff has suffered damages in an amount to be proven at trial, and Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct and orders that the domain name bigrentalsoftware.com be transferred to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks that this Court grant judgment against Defendants for the following:

A.     Issue a permanent injunction preventing the use of the term BIG RENTALS SOFTWARE;

B.     A judgment that Defendants' use of the mark BIG RENTALS SOFTWARE, the domain name bigrentalssoftware.com, and the domain name bigrentalsoftware.com, is likely to confuse consumers and is therefore in violation of 15 U.S.C. §§ 1051 *et seq.*;

C.     A judgment that Defendants' use of the mark BIG RENTALS SOFTWARE, the domain name bigrentalssoftware.com, and the domain name bigrentalsoftware.com is unfairly competing against Plaintiff and Plaintiff's use of Plaintiff's Mark and is therefore in violation of 15 U.S.C. § 1125(a);

D.     That Plaintiff be awarded its actual damages in an amount to be proven at trial;

E.     That Defendants be required to account for any revenues attributable to its infringing acts;

F.     That Plaintiff be awarded three times any damages by Plaintiff, and prejudgment interest;

G.     A judgment that Defendants' use of the mark BIG RENTALS SOFTWARE, the domain name bigrentalssoftware.com, and the domain name bigrentalsoftware.com is unfairly competing against Plaintiff and Plaintiff's use of Plaintiff's Mark and is therefore in violation of Cal Bus. & Prof. Code § 17200;

H.     Entry of a judgment against Defendants for monetary damages to be proven at trial, including but not limited to statutory damages for willful infringement and/or all amounts necessary to compensate Plaintiff for Defendants' wrongful use of the name/trademark BIG RENTALS SOFTWARE and the domain names bigrentalssoftware.com and bigrentalsoftware.com;

I.     Directing Defendants to transfer to Plaintiff, at no cost to Plaintiff, the domain name www.bigrentalssoftware.com, and the domain name bigrentalsoftware.com;

J.     For an award of actual damages and disgorgement of all profits attributable to the cyberpiracy, as provided by 15 U.S.C. § 1117(a)-(b) in an amount to be proven;

K.     That Plaintiff recover its reasonable attorneys' fees and costs; and

L.     Granting Plaintiff such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable to a jury.

Dated: November 20, 2025

By: /s/ Rexford Brabson
Rexford Brabson, Esq.,
CA SBN 299802
rex@t-rexlaw.com

By: /s/ David Stewart
David Stewart, Esq.,
CA SBN 353448
David@t-rexlaw.com

*Attorneys for Plaintiff Big Rentals Inc.*

T-Rex Law, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CA 92011
Telephone: (858) 220-2325

# EXHIBIT A

**Generated on:** This page was generated by TSDR on 2025-11-20 18:35:09 EST

**Mark:** BIGRENTALS.COM

BIGRENTALS.COM

| | | | |
|---|---|---|---|
| **US Serial Number:** | 90582372 | **Application Filing Date:** | Mar. 16, 2021 |
| **US Registration Number:** | 7341311 | **Registration Date:** | Mar. 26, 2024 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Supplemental | | |
| **Mark Type:** | Service Mark | | |

**TM5 Common Status Descriptor:**



LIVE/REGISTRATION/Cancellation/Invalidation Pending

This trademark application has been registered with the Office, but it is currently undergoing a challenge which may result in its removal from the registry.

**Amended to Principal Register:** No

**Date Amended to Current Register:** Sep. 16, 2022

**Status:** A cancellation proceeding is pending at the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page.

**Status Date:** Nov. 15, 2024

## Mark Information

**Mark Literal Elements:** BIGRENTALS.COM

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Rental of building equipment; rental of construction equipment; rental of construction machines and apparatus; rental of excavators; rental of hand and power tools; rental of earth moving equipment and excavators

**International Class(es):** 037 - Primary Class

**U.S Class(es):** 100, 103, 106

**Class Status:** ACTIVE

**First Use:** Oct. 31, 2021

**Use in Commerce:** Oct. 31, 2021

**For:** Motor coach rental; rental of motor homes; rental of fork lifts; rental of moving vans; rental of pallet lifts; rental of recreational vehicles; providing self-storage facilities for others; rental of loading-unloading machines and apparatus; rental of storage containers; trash services, namely, rental of dump trailers and roll-off trailers

**International Class(es):** 039 - Primary Class

**U.S Class(es):** 100, 105

**Class Status:** ACTIVE

**First Use:** Oct. 31, 2021

**Use in Commerce:** Oct. 31, 2021

## Basis Information (Case Level)

**Filed Use:** No

**Currently Use:** Yes

| | | | |
|---|---|---|---|
| **Filed ITU:** | Yes | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | BIG RENTALS INC. |
| **Owner Address:** | 611 N BRAND BLVD, FLOOR 13<br>GLENDALE, CALIFORNIA UNITED STATES 91203 |
| **Legal Entity Type:** | CORPORATION |
| **State or Country Where Organized:** | DELAWARE |

## Attorney/Correspondence Information

### Attorney of Record

| | |
|---|---|
| **Attorney Name:** | REXFORD BRABSON |
| **Attorney Primary Email Address:** | rex@t-rexlaw.com |
| **Attorney Email Authorized:** | Yes |

### Correspondent

| | |
|---|---|
| **Correspondent Name/Address:** | REXFORD BRABSON<br>T-REX LAW, P.C.<br>7040 AVENIDA ENCINAS #104-333<br>CARLSBAD, CALIFORNIA UNITED STATES 92011 |
| **Phone:** | 858-220-1166 |
| **Correspondent e-mail:** | rex@t-rexlaw.com jfranco@t-rexlaw.com |
| **Correspondent e-mail Authorized:** | Yes |

### Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Nov. 15, 2024 | CANCELLATION INSTITUTED NO. 999999 | 86760 |
| Mar. 26, 2024 | NOTICE OF REGISTRATION CONFIRMATION EMAILED | |
| Mar. 26, 2024 | REGISTERED-SUPPLEMENTAL REGISTER | |
| Feb. 16, 2024 | APPROVED FOR REGISTRATION SUPPLEMENTAL REGISTER | |
| Sep. 01, 2023 | TEAS/EMAIL CORRESPONDENCE ENTERED | |
| Sep. 01, 2023 | CORRESPONDENCE RECEIVED IN LAW OFFICE | |
| Sep. 01, 2023 | APPLICANT/CORRESPONDENCE CHANGES (NON-RESPONSIVE) ENTERED | |
| Aug. 31, 2023 | ASSIGNED TO LIE | |
| Jul. 19, 2023 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Jun. 21, 2023 | LETTER OF PROTEST EVIDENCE REVIEWED-NO FURTHER ACTION TAKEN | 2107 |
| Jun. 21, 2023 | LETTER OF PROTEST EVIDENCE FORWARDED | 2107 |
| Apr. 19, 2023 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Oct. 22, 2022 | NOTICE OF ACCEPTANCE OF AMENDMENT TO ALLEGE USE E-MAILED | |
| Oct. 21, 2022 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | |
| Oct. 21, 2022 | NON-FINAL ACTION E-MAILED | |
| Oct. 21, 2022 | NON-FINAL ACTION WRITTEN | |
| Oct. 21, 2022 | USE AMENDMENT ACCEPTED | |
| Sep. 16, 2022 | TEAS/EMAIL CORRESPONDENCE ENTERED | |
| Sep. 16, 2022 | CORRESPONDENCE RECEIVED IN LAW OFFICE | |
| Sep. 16, 2022 | TEAS REQUEST FOR RECONSIDERATION RECEIVED | |
| Sep. 13, 2022 | AMENDMENT TO USE PROCESSING COMPLETE | |
| Sep. 13, 2022 | USE AMENDMENT FILED | |
| Sep. 12, 2022 | TEAS AMENDMENT OF USE RECEIVED | |

| | |
|---|---|
| May 28, 2022 | NOTIFICATION OF FINAL REFUSAL EMAILED |
| May 28, 2022 | FINAL REFUSAL E-MAILED |
| May 28, 2022 | FINAL REFUSAL WRITTEN |
| Apr. 20, 2022 | TEAS/EMAIL CORRESPONDENCE ENTERED |
| Apr. 19, 2022 | CORRESPONDENCE RECEIVED IN LAW OFFICE |
| Apr. 19, 2022 | TEAS RESPONSE TO OFFICE ACTION RECEIVED |
| Jan. 21, 2022 | TEAS CHANGE OF CORRESPONDENCE RECEIVED |
| Jan. 21, 2022 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED |
| Jan. 21, 2022 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED |
| Oct. 20, 2021 | NOTIFICATION OF NON-FINAL ACTION E-MAILED |
| Oct. 20, 2021 | NON-FINAL ACTION E-MAILED |
| Oct. 20, 2021 | NON-FINAL ACTION WRITTEN |
| Oct. 15, 2021 | ASSIGNED TO EXAMINER |
| Jun. 16, 2021 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED |
| Mar. 19, 2021 | NEW APPLICATION ENTERED |

# TM Staff and Location Information

**TM Staff Information - None**

**File Location**

**Current Location:** PUBLICATION AND ISSUE SECTION          **Date in Location:** Mar. 26, 2024

**Generated on:** This page was generated by TSDR on 2025-11-20 18:35:09 EST

**Mark:** BIGRENTALS.COM

BIGRENTALS.COM

| | | | |
|---|---|---|---|
| **US Serial Number:** | 90582737 | **Application Filing Date:** | Mar. 16, 2021 |
| **US Registration Number:** | 7341312 | **Registration Date:** | Mar. 26, 2024 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Supplemental | | |
| **Mark Type:** | Service Mark | | |

**TM5 Common Status Descriptor:**



LIVE/REGISTRATION/Cancellation/Invalidation Pending

This trademark application has been registered with the Office, but it is currently undergoing a challenge which may result in its removal from the registry.

| | | | |
|---|---|---|---|
| **Amended to Principal Register:** | No | **Date Amended to Current Register:** | Sep. 11, 2022 |

**Status:** A cancellation proceeding is pending at the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page.

**Status Date:** Nov. 15, 2024

## Mark Information

**Mark Literal Elements:** BIGRENTALS.COM

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Truck and trailer rental; Rental of moving equipment, namely, pads, straps, hitches, dollies, boxes, carriers, and hand trucks

| | | | |
|---|---|---|---|
| **International Class(es):** | 039 - Primary Class | **U.S Class(es):** | 100, 105 |
| **Class Status:** | ACTIVE | | |
| **First Use:** | Jan. 01, 2017 | **Use in Commerce:** | May 01, 2017 |

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | BIG RENTALS INC. |
| **Owner Address:** | 611 N BRAND BLVD, FLOOR 13<br>GLENDALE, CALIFORNIA UNITED STATES 91203 |
| **Legal Entity Type:** | CORPORATION |

**State or Country Where Organized** DELAWARE

## Attorney/Correspondence Information

### Attorney of Record

| | |
|---|---|
| **Attorney Name:** | REXFORD BRABSON |
| **Attorney Primary Email Address:** | rex@t-rexlaw.com |

**Attorney Email Authorized** Yes

### Correspondent

| | |
|---|---|
| **Correspondent Name/Address:** | REXFORD BRABSON<br>T-REX LAW, P.C.<br>7040 AVENIDA ENCINAS #104-333<br>CARLSBAD, CALIFORNIA UNITED STATES 92011 |
| **Phone:** | 858-220-1166 |
| **Correspondent e-mail:** | rex@t-rexlaw.com jfranco@t-rexlaw.com |

**Correspondent e-mail Authorized** Yes

### Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Nov. 15, 2024 | CANCELLATION INSTITUTED NO. 999999 | 86760 |
| Mar. 26, 2024 | NOTICE OF REGISTRATION CONFIRMATION EMAILED | |
| Mar. 26, 2024 | REGISTERED-SUPPLEMENTAL REGISTER | |
| Feb. 16, 2024 | APPROVED FOR REGISTRATION SUPPLEMENTAL REGISTER | |
| Sep. 01, 2023 | TEAS/EMAIL CORRESPONDENCE ENTERED | |
| Sep. 01, 2023 | CORRESPONDENCE RECEIVED IN LAW OFFICE | |
| Aug. 31, 2023 | ASSIGNED TO LIE | |
| Jul. 19, 2023 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Jun. 23, 2023 | LETTER OF PROTEST EVIDENCE REVIEWED-NO FURTHER ACTION TAKEN | 2105 |
| Jun. 22, 2023 | LETTER OF PROTEST EVIDENCE FORWARDED | 2105 |
| Apr. 19, 2023 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Oct. 21, 2022 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | |
| Oct. 21, 2022 | NON-FINAL ACTION E-MAILED | |
| Oct. 21, 2022 | NON-FINAL ACTION WRITTEN | |
| Sep. 12, 2022 | TEAS/EMAIL CORRESPONDENCE ENTERED | |
| Sep. 11, 2022 | CORRESPONDENCE RECEIVED IN LAW OFFICE | |
| Sep. 11, 2022 | TEAS REQUEST FOR RECONSIDERATION RECEIVED | |
| May 28, 2022 | NOTIFICATION OF FINAL REFUSAL EMAILED | |
| May 28, 2022 | FINAL REFUSAL E-MAILED | |
| May 28, 2022 | FINAL REFUSAL WRITTEN | |
| Apr. 20, 2022 | TEAS/EMAIL CORRESPONDENCE ENTERED | |
| Apr. 19, 2022 | CORRESPONDENCE RECEIVED IN LAW OFFICE | |
| Apr. 19, 2022 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Jan. 21, 2022 | APPLICANT/CORRESPONDENCE CHANGES (NON-RESPONSIVE) ENTERED | |
| Jan. 21, 2022 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Jan. 21, 2022 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED | |
| Jan. 21, 2022 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED | |
| Jan. 21, 2022 | TEAS CHANGE OF OWNER ADDRESS RECEIVED | |
| Oct. 20, 2021 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | |
| Oct. 20, 2021 | NON-FINAL ACTION E-MAILED | |
| Oct. 20, 2021 | NON-FINAL ACTION WRITTEN | |

| | |
|---|---|
| Oct. 15, 2021 | ASSIGNED TO EXAMINER |
| Jun. 16, 2021 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED |
| Mar. 31, 2021 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP |
| Mar. 19, 2021 | NEW APPLICATION ENTERED |

# TM Staff and Location Information

**TM Staff Information - None**

**File Location**

**Current Location:** PUBLICATION AND ISSUE SECTION          **Date in Location:** Mar. 26, 2024

Generated on: This page was generated by TSDR on 2025-11-20 18:35:09 EST

Mark: BIGRENTALS .COM

BIGRENTALS .COM

| | | | |
|---|---|---|---|
| **US Serial Number:** | 98034772 | **Application Filing Date:** | Jun. 09, 2023 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |

**TM5 Common Status Descriptor:**



LIVE/APPLICATION/Under Examination

The trademark application has been accepted by the Office (has met the minimum filing requirements) and that this application has been assigned to an examiner.

**Status:** Suspension check completed. Application remains suspended.

**Status Date:** Oct. 04, 2025

# Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | BIGRENTALS .COM |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |
| **Disclaimer:** | ".COM" |
| **Acquired Distinctiveness Claim:** | In whole |

# Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Designing and creating web sites for others; Platform as a service (PAAS) featuring computer software platforms for creation of online rental stores for others in the nature of web-based service that allows users to create hosted e-commerce stores to rent their goods and services online; Platform as a service (PAAS) featuring computer software platforms for enabling users to create a unique URL for an online rental store and the ability for users to manage the content and inventory of their online rental store; design, creation, hosting and maintenance of internet sites for third parties; Software as a service (SAAS) services featuring software for managing rental equipment, for tracking the equipment, for logging and processing financial data related to equipment rentals and providing analysis reports regarding same; Software as a service (SAAS) services featuring software for calendaring rental schedules, communicating with renters, managing inventory, tracking equipment, processing rental agreements, generating financial reports, managing customer data, and accounting in the field of construction equipment rentals, industrial equipment rentals, tool rentals, supply rentals, party equipment rentals, event equipment rentals, recreational equipment rentals, sporting equipment rentals, consumer tool rentals, gardening equipment rentals, and yard equipment rentals; Software as a service (SAAS) services featuring software for analyzing user needs when renting construction equipment, industrial equipment, tools, supplies, party equipment, event equipment, recreational equipment, sporting equipment, consumer tools, gardening equipment, and yard equipment; Software as a service (SAAS) services featuring software for making recommendations based on user needs when renting construction equipment, industrial equipment, tools, supplies, party equipment, event equipment, recreational equipment, sporting equipment, consumer tools, gardening equipment, and yard equipment; Software as a service (SAAS) services featuring software for use in database management, sales management, and customer tracking and customer management, and rental management for the rental industry

| | | | |
|---|---|---|---|
| **International Class(es):** | 042 - Primary Class | **U.S Class(es):** | 100, 101 |
| **Class Status:** | ACTIVE | | |
| **First Use:** | Jan. 01, 2017 | **Use in Commerce:** | May 01, 2017 |

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## Current Owner(s) Information

**Owner Name:** BIG RENTALS INC

**Owner Address:** 500 N BRAND BLVD, FLOOR 20
GLENDALE, CALIFORNIA UNITED STATES 91203

**Legal Entity Type:** CORPORATION          **State or Country Where Organized** DELAWARE

## Attorney/Correspondence Information

### Attorney of Record

**Attorney Name:** Rexford Brabson

**Attorney Primary Email Address:** Rex@t-rexlaw.com          **Attorney Email Authorized:** Yes

### Correspondent

**Correspondent Name/Address:** Rexford Brabson
T-Rex Law, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CALIFORNIA United States 92011

**Phone:** 8582201166

**Correspondent e-mail:** Rex@t-rexlaw.com jfranco@t-rexlaw.com Sasha @t-rexlaw.com David@t-rexlaw.com          **Correspondent e-mail Authorized:** Yes

### Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Oct. 04, 2025 | REPORT COMPLETED SUSPENSION CHECK CASE STILL SUSPENDED | |
| Apr. 03, 2025 | REPORT COMPLETED SUSPENSION CHECK CASE STILL SUSPENDED | |
| Oct. 03, 2024 | NOTIFICATION OF LETTER OF SUSPENSION E-MAILED | |
| Oct. 03, 2024 | LETTER OF SUSPENSION E-MAILED | |
| Oct. 03, 2024 | SUSPENSION LETTER WRITTEN | |
| Sep. 10, 2024 | TEAS/EMAIL CORRESPONDENCE ENTERED | |
| Sep. 09, 2024 | CORRESPONDENCE RECEIVED IN LAW OFFICE | |
| Sep. 09, 2024 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Jun. 07, 2024 | APPLICATION EXTENSION GRANTED/RECEIPT PROVIDED | |
| Jun. 07, 2024 | APPLICATION EXTENSION TO RESPONSE PERIOD - RECEIVED | |
| Jun. 07, 2024 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Jun. 07, 2024 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED | |
| Jun. 07, 2024 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED | |
| Jun. 07, 2024 | APPLICANT/CORRESPONDENCE CHANGES (NON-RESPONSIVE) ENTERED | |
| Jun. 07, 2024 | TEAS CHANGE OF OWNER ADDRESS RECEIVED | |
| Mar. 07, 2024 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | |
| Mar. 07, 2024 | NON-FINAL ACTION E-MAILED | |
| Mar. 07, 2024 | NON-FINAL ACTION WRITTEN | |
| Mar. 07, 2024 | LETTER OF PROTEST EVIDENCE REVIEWED-NO FURTHER ACTION TAKEN | 98316 |
| Feb. 29, 2024 | ASSIGNED TO EXAMINER | |

| | |
|---|---|
| Jul. 13, 2023 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED |
| Jun. 13, 2023 | NEW APPLICATION ENTERED |

## TM Staff and Location Information

| TM Staff Information | |
|---|---|
| **TM Attorney:** BACZESKI,LILLIANNA M | **Law Office Assigned:** LAW OFFICE 131 |

| File Location | |
|---|---|
| **Current Location:** TMO LAW OFFICE 131 | **Date in Location:** Oct. 04, 2025 |

# EXHIBIT B



The Complete Software Solution for Recommerce Rentals



Recommerce is a $1.8T industry



*"A delivery truck with only one wheel isn't a wheelbarrow."*

## Required Elements of a Unified Rental System:

**Your Customer's Experience**
- Your Site/Your Brand
- Transparent Pricing
- Custom Delivery Area
- Online Rental
- Online Contract

**Your Site's Support App**
- Dynamic Pricing
- Inventory
- Service Area
- Delivery Calculations
- Contract Generation
- Initial Billing
- Recurring Billing

**Customer Service**
- CRM Designed for Rentals
- Customer Types
- Scheduling
- Recurring Billing Management
- Rental Cycle Management
- Editing Rentals
- Collections

**Recurring Billing**
- Credit Card Processing
- Recurring Billing
- One-time Transactions
- Refunds
- Payment Management
- Collections
- Late Fees

| Logistics | Inventory Management | Maintenance | Employee Management |
|---|---|---|---|
| • Scheduling<br>• Required Delivery Information<br>• Delivery Prep<br>• Delivery/Installation<br>• Pickup<br>• Rental Completion | • Prep/Product Assignment<br>• Real-time Product Locations<br>• Purchase/Sales<br>• Costs<br>• Service/Maintenance<br>• Repairs | • Inspections<br>• Service History<br>• Repairs history<br>• Parts Ordering | • Access Controls<br>• Mobile or Desktop Focused Roles<br>• Scheduling<br>• Software Guided Workflows<br>• Accountability |

• emails / Notifications

# The Benefits of Renting Returned Products: Turning Trash into Revenue

The global returns market is a massive industry, valued at over $1.8 trillion, yet many companies still treat returned products as waste. However, recent years have seen a shift as businesses begin to recognize that these returned items—many of which are in excellent condition—hold significant untapped value. This shift has given rise to a new, fast-growing market: the rental market for returned goods. By renting lightly used items rather than discarding them, companies can generate revenue, promote sustainability, and appeal to a growing base of environmentally conscious consumers. Let's dive into the key advantages of renting returned products and explore how this trend is reshaping consumer behavior and business practices.

## Key Benefits of Renting Returned Products

### 1. Cost Savings for Consumers, High Returns for Companies

Renting returned products delivers a win-win scenario: consumers access high-quality goods at a fraction of the retail price, while companies unlock new revenue streams. Typically, returned items might sell for 30-70% less than retail, but the rental model can generate 7-10 times the MSRP over a product's lifecycle. Imagine being able to rent a designer suit or the latest tech gadget at a fraction of the cost of buying new. This model democratizes access to premium products, making high-end items available to more people while enabling businesses to turn returns into long-term revenue drivers.

### 2. Shifting Consumer Expectations and Acceptance

Renting comes with its own set of consumer expectations. In traditional retail, "open box" or "used" products can carry a stigma, often perceived as inferior. But rental customers have a different outlook—they're generally comfortable with lightly used items, seeing wear as a sign of durability and reliability. This shift is helping to normalize renting as a viable, sustainable alternative to buying, paving the way for a broader acceptance of renting, especially as consumer preferences evolve toward sustainability and smart spending.

### 3. Environmental Impact: Lowering Waste and Carbon Emissions

Renting returned products actively contributes to environmental sustainability by reducing waste. In the U.S. alone, around 5 billion pounds of returns end up in landfills each year. By placing these items in the rental market, companies extend the lifecycle of products, reducing the demand for new manufacturing and lowering the associated environmental footprint. This approach aligns with circular economy principles—where reuse and recycling take precedence over disposal—and positions companies as leaders in sustainable business practices.

### 4. Access to a Wide Range of Products

One of the most attractive aspects of renting is the flexibility it provides. Renting allows consumers to access a wide range of products—everything from furniture to electronics—without the permanence of ownership. This flexibility is ideal for people who need temporary solutions or prefer frequent updates, like renting a new smartphone model to test its features before committing. In essence, consumers gain access to premium products while enjoying the freedom to change or upgrade as they wish, making renting particularly appealing to younger, experience-driven consumers.

### 5. "Try Before You Buy" for Informed Purchases

Renting returned products can serve as an ideal 'try before you buy' solution, especially for higher-cost items like electronics or specialized gear. For instance, a consumer might rent a high-end camera for a trip, testing its capabilities before investing in ownership. This model leads to higher customer satisfaction and fewer returns, as consumers gain firsthand experience and can make informed decisions before committing to a purchase.

### 6. Assured Quality through Refurbishment

Companies that rent returned products understand the importance of quality control. Brands like Grover, which specializes in renting tech products, and Fernish, known for furniture rentals, have built reputations on refurbishing, inspecting, and sanitizing each item to meet high standards. This process ensures that customers receive well-maintained, dependable products, building trust in the rental experience and driving repeat business.

### 7. Popularity Among Millennials

Renting has found a particularly strong foothold among Millennials, who value flexibility, sustainability, and smart spending. Studies show that around 70% of Millennials are open to renting products, with over 65% seeing rentals as financially sensible and environmentally responsible (PwC, Consumer Intelligence Series, 2021; JLL, Millennials & Renting, 2019). For a generation that often values experiences over possessions, renting provides access to high-quality items without the commitment of ownership, making it an attractive option. This demographic trend has driven the success of platforms specializing in furniture, technology, fashion, and fitness equipment rentals, as Millennials prioritize sustainable and flexible options that align with their values.

### BRS: An Innovative Solution for Brands

For brands looking to recover revenue from returns, BRS offers a powerful solution. With its cloud-based lifecycle rental management system, BRS allows companies to transform returned products into revenue-generating rental assets. Some companies using BRS report earning 7-10 times the original MSRP through rental income, effectively turning what would have been waste into profit. Given the $1.8 trillion value of the returns market, there is significant potential for companies to unlock value and build sustainable business practices by viewing returns as rentable resources.

secondhand market for returned products not only provides financial advantages to those aligns with the needs of environmentally conscious consumer base, making it a powerful force for change. By redefining the way we approach returns, ...ies are helping shift the market toward a more sustainable, circular economy, where items once considered waste are transformed into valuable, revenue-generating resources.

BRS Blog

Privacy Policy



The Complete Software Solution
for Recommerce Rentals



## Enterprise Rentals for Manufacturers





Transparent Pricing | Online Rentals & Contracts | Automated Recurring Billing | Inventory Management | Customer Service

*"A delivery truck with only one wheel isn't a wheelbarrow."*

# Required Elements of a Unified Rental System:

## Your Customer's Experience

- Your Site/Your Brand
- Transparent Pricing
- Custom Delivery Area
- Online Rental
- Online Contract

## Your Site's Support App

- Dynamic Pricing
- Inventory
- Service Area
- Delivery Calculations
- Contract Generation
- Initial Billing
- Recurring Billing
- emails / Notifications

## Customer Service

- CRM Designed for Rentals
- Customer Types
- Scheduling
- Recurring Billing Management
- Rental Cycle Management
- Editing Rentals
- Collections

## Recurring Billing

- Credit Card Processing
- Recurring Billing
- One-time Transactions
- Refunds
- Payment Management
- Collections
- Late Fees

## Logistics

- Scheduling
- Required Delivery Information
- Delivery Prep
- Delivery/Installation
- Pickup
- Rental Completion

## Inventory Management

- Prep/Product Assignment
- Real-time Product Locations
- Purchase/Sales
- Costs
- Service/Maintenance
- Repairs

## Maintenance

- Inspections
- Service History

- Repairs history
- Parts Ordering

## Employee Management

- Access Controls
- Mobile or Desktop Focused Roles
- Scheduling
- Software Guided Workflows
- Accountability

# The Benefits of Renting Returned Products: Turning Trash into Revenue

The global returns market is a massive industry, valued at over $1.8 trillion, yet many companies still treat returned products as waste. However, recent years have seen a shift as businesses begin to recognize that these returned items—many of which are in excellent condition—hold significant untapped value. This shift has given rise to a new, fast-growing market: the rental market for returned goods. By renting lightly used items rather than discarding them, companies can generate revenue, promote sustainability, and appeal to a growing base of environmentally conscious consumers. Let's dive into the key advantages of renting returned products and explore how this trend is reshaping consumer behavior and business practices.

# Key Benefits of Renting Returned Products

## 1. Cost Savings for Consumers, High Returns for Companies

Renting returned products delivers a win-win scenario: consumers access high-quality goods at a fraction of the retail price, while companies unlock new revenue streams. Typically, returned items might sell for 30-70% less than retail, but the rental model can generate 7-10 times the MSRP over a product's lifecycle. Imagine being able to rent a designer suit or the latest tech gadget at a fraction of the cost of buying new. This model democratizes access to premium products, making high-end items available to more people while enabling businesses to turn returns into long-term revenue drivers.

## 2. Shifting Consumer Expectations and Acceptance

Renting comes with its own set of consumer expectations. In traditional retail, "open box" or "used" products can carry a stigma, often perceived as inferior. But rental customers have a different outlook—they're generally comfortable with lightly used items, seeing wear as a sign of durability and reliability. This shift is helping to normalize renting as a viable, sustainable alternative to buying, paving the way for a broader acceptance of renting, especially as consumer preferences evolve toward sustainability and smart spending.

## 3. Environmental Impact: Lowering Waste and Carbon Emissions

Renting returned products actively contributes to environmental sustainability by reducing waste. In the U.S. alone, around 5 billion pounds of returns end up in landfills each year. By placing these items in the rental market, companies extend the lifecycle of products, reducing the demand for new manufacturing and lowering the associated environmental footprint. This approach aligns with circular economy principles—where reuse and recycling take precedence over disposal—and positions companies as leaders in sustainable business practices.

## 4. Access to a Wide Range of Products

One of the most attractive aspects of renting is the flexibility it provides. Renting allows consumers to access a wide range of products—everything from furniture to electronics—without the permanence of ownership. This flexibility is ideal for people who need temporary solutions or prefer frequent updates, like renting a new smartphone model to test its features before committing. In essence, consumers gain access to premium products while enjoying the freedom to change or upgrade as they wish, making renting particularly appealing to younger, experience-driven consumers.

## 5. "Try Before You Buy" for Informed Purchases

Renting returned products can serve as an ideal "try before you buy" solution, especially for higher-cost items like electronics or specialized gear. For instance, a consumer might rent a high-end camera for a trip, testing its capabilities before investing in ownership. This model leads to higher customer satisfaction and fewer returns, as consumers gain firsthand experience and can make informed decisions before committing to a purchase.

## 6. Assured Quality through Refurbishment

Companies that rent returned products understand the importance of quality control. Brands like Grover, which specializes in renting tech products, and Fernish, known for furniture rentals, have built reputations on refurbishing, inspecting, and sanitizing each item to meet high standards. This process ensures that customers receive well-maintained, dependable products, building trust in the rental experience and driving repeat business.

## 7. Popularity Among Millennials

Renting has found a particularly strong foothold among Millennials, who value flexibility, sustainability, and smart spending. Studies show that around 70% of Millennials are open to renting products, with over 65% seeing rentals as financially sensible and environmentally responsible (PwC, Consumer Intelligence Series, 2021; JLL, Millennials & Renting, 2019). For a generation that often values experiences over possessions, renting provides access to high-quality items without the commitment of ownership, making it an attractive option. This demographic trend has driven the success of platforms specializing in furniture, technology, fashion, and fitness equipment rentals, as Millennials prioritize sustainable and flexible options that align with their values.

## BRS: An Innovative Solution for Brands

For brands looking to recover revenue from returns, BRS offers a powerful solution. With its cloud-based lifecycle rental management system, BRS allows companies to transform returned products into revenue-generating rental assets. Some companies using BRS report earning 7-10 times the original MSRP through rental income, effectively turning what would have been waste into profit. Given the $1.8 trillion value of the returns market, there is significant potential for companies to unlock value and build sustainable business practices by viewing returns as rentable resources.

The rental market for returned products not only provides financial advantages but also aligns with the needs of an eco-conscious consumer base, making it a powerful force for change. By redefining the way we approach returns, companies are helping shift the market toward a more sustainable, circular economy, where items once considered waste are transformed into valuable, revenue-generating resources.

BRS Blog (https://bigrentalssoftware.com/big-rentals-software-blog)

Privacy Policy (https://bigrentalssoftware.com/privacy-policy)